# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

RONALD EUGENE NEWMAN, JR.,

        Petitioner,

vs.                              Case No.   3:06-cv-899-J-32MMH
                                                      3:04-cr-337-J-32MMH

UNITED STATES OF AMERICA,

        Respondent.

## ORDER[1]

This case is before the Court on petitioner Ronald Eugene Newman, Jr's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255. (Doc. 1). The United States filed a response. (Doc. 7).

On July 20, 2005, a jury found Newman guilty on Count Two of the Superseding Indictment, manufacturing or aiding and abetting the manufacture of 100 or more marihuana plants in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). (Crim. Doc. 110).[2] The jury acquitted Newman on Count One, conspiring to manufacture and possess with intent to distribute marihuana plants in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). (Id.). On October 13, 2005, Newman appeared for

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

[2] Citations to Newman's criminal case file, 3:04-cr-337-J-32MMH, are denoted as "Crim. Doc. ___." Citations to Newman's civil § 2255 case file, 3:06-cv-899-J-32MMH, are denoted as "Doc. ___."

sentencing and was sentenced to the minimum mandatory sentence of sixty months under § 841(b)(1)(B).  (Crim. Doc. 124).

In the § 2255 petition, Newman asserts, and the government agrees, that Newman is entitled to an out-of-time direct appeal.  This is because Newman requested his counsel to file a direct appeal after the criminal judgment issued as to the conviction on Count Two, but his counsel persuaded him not to do so erroneously reasoning that such an appeal would potentially jeopardize the acquittal on Count One.  The second issue raised in the § 2255 motion is Newman's alleged qualification for safety valve relief pursuant to U.S.S.G. § 5C1.2 (which was denied at sentencing) in view of a subsequent December 7, 2006 Post Conviction Relief Order vacating the judgment and sentence issued to Newman on January 4, 2005 arising out of a nolo contendere plea in a state court Driving Under the Influence (DUI) case in Bradford County, Florida.[3] [4]

Upon review of the record in the criminal case and the civil § 2255 case, the Court finds the appropriate course is to provide Newman an out-of-time direct appeal. The Court takes no position on which issues the Eleventh Circuit will consider on the

---

[3] The style of the DUI case is <u>State of Florida v. Ronald Newman, Jr.</u>, Case No. 04-2004-CT-1255-A, in the County Court, Eighth Judicial Circuit, in and for Bradford County, Florida.

[4] Newman alleges that the vacatur of the judgment and sentence in the state DUI case now renders him eligible for safety valve relief under U.S.S.G. § 5C1.2. The government disputes this.

direct appeal.[5]

Accordingly, it is hereby **ORDERED**:

1. Ronald Eugene Newman, Jr.'s Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (Doc. 1) is **granted** to the extent that Newman's request to pursue an out-of-time direct appeal is **GRANTED.** The remainder of Newman's petition is **DENIED WITHOUT PREJUDICE.**

2. The Judgment In A Criminal case as to Ronald Eugene Newman, Jr. (3:04-cr-337-J-32MMH) (Crim. Doc. 124) is **VACATED.** By separate Judgment, the Court will reimpose the same sentence. From the date that new Judgment is entered, Newman's counsel, Terry Nathan Silverman, will have ten (10) days to file a notice of appeal. This procedure is pursuant to United States v. Phillips, 225 F.3d 1198, 1201 (11th Cir. 2000).

3. Under Phillips, Newman is further advised of his rights associated with an appeal from a criminal sentence:

a. It is your right to appeal from the sentence within ten days from the date of the reimposed sentence and judgment as dictated by Federal Rule of Appellate Procedure 4(b)(1)(A)(I). Failure to do so within ten days from that date means you have given up and waived your right to appeal. The government may also

---

[5] Because of this disposition, the Court need not and does not address in detail the safety valve issue raised in the § 2255 petition or any other potentially appealable issues.

file an appeal from this sentence.

   b. You are advised that you are entitled to assistance of counsel in taking an appeal.  Your counsel for purposes of your direct appeal is Terry Nathan Silverman.  Should you wish to obtain a different lawyer for purposes of your direct appeal, you must inform the Court and the Court will appoint one to you provided certain requirements are met.

   c. By copy, your new counsel (Terry Nathan Silverman) is informed of this Order and your concomitant rights.

**DONE AND ORDERED** at Jacksonville, Florida this 13th day of February, 2007.

                _____
                TIMOTHY J. CORRIGAN
                United States District Judge

t.
Copies to:

counsel of record
Ronald Eugene Newman, Jr.
Terry Nathan Silverman